JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-04394-SSS-MARx | Date | September 17, 2026 |
| Title | *Umesh Balani v. Joseph B. Edlow, et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. NO. 14]**

On April 19, 2026, Plaintiff Umesh Balani filed this action seeking to compel Defendants to process his application for lawful permanent residency. [*See* Dkt. No. 1]. On July 27, 2026, the Court ordered Balani to show cause why this action should not be dismissed for his failure to serve the summons and complaint on any of the defendants. [Dkt. No. 14].

On August 1, 2026, Balani responded explaining that Defendants granted his application, which "mooted [his] individual claim." [Dkt. No. 15 at 2]. Balani further states that he discovered that his spouse's, Manuja Verma, application for lawful permanent residency has not yet been approved. [*Id.* at 2]. Balani thus requests that the order to show cause be discharged, that the Court accept his proposed First Amended Complaint (FAC), which now removes his individual claim and seeks to compel Defendants to process Verma's application for lawful permanent residency, and asks for additional time to serve the proposed FAC. [*Id.* at 4–5]. As opposed to waiting for the approval, Balani filed the FAC on August 1. [Dkt. No. 24].

To begin, Balani was required to seek the Court's leave before filing the FAC on August 1 as the FAC was neither filed 21 days after serving the initial complaint nor was it filed 21 days after a responsive pleading was filed or service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f). *See* Fed. R. Civ. P. (a)(1)–(2). Accordingly, the FAC is **STRICKEN**.

Next, the Court must determine if it still has subject matter jurisdiction over this action—namely, whether this action is moot. Article III's case-or-controversy requirement deprives federal courts of jurisdiction to hear moot cases. *Native Village of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1210 (9th Cir. 2021). A case becomes moot "when the issues are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Smith v. T-Mobile USA Inc.*, 570 F.3d 1119, 1122 (9th Cir. 2009).

This case is moot. In the operative complaint, Balani sought a writ of mandamus to compel Defendants to adjudicate his application for lawful permanent residency. [Dkt. No. 1 at 14–15]. But, as Balani concedes, Defendants granted his application, which has "mooted [his] individual claim." Dkt. No. 15 at 2. Because there are no live issues in the operative complaint, this case is moot and "incapable of judicial resolution." *Smith*, 570 F.3d at 1122.

Accordingly, this case is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. The order to show cause issued on July 27, 2026, is **DISCHARGED**.

**IT IS SO ORDERED.**